IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TAYLOR ANTHONY BEESON, | Cause No. CV 25-147-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Defendant. | |

Plaintiff Taylor Anthony Beeson has filed a Complaint. (Doc. 2.) The

Complaint fails to state a claim and is dismissed.

## I. STATEMENT OF THE CASE

### A.    Parties

Beeson is detained at Missoula County Detention Center. He names the

State of Montana as the sole defendant. (Doc. 2 at 1.)

### B.    Allegations

Beeson alleges that the State of Montana is engaged in racketeering. (Doc. 2

at 2.) In particular, Beeson contends that the State is conspiring to violate the rights

of citizens by having both prosecutors and defense counsel as part of the executive

branch of state government. (Doc. 2 at 2.) Accordingly, Beeson asserts that "[t]he

Executive Branch has illegally prosecuted every criminal case in a conflict of interest to prove guilt by representing both plaintiffs & defendants parties in all criminal prosecutions that have had a Public Defender appointed." *Id.*

Beeson then alleges that he was unconstitutionally stopped and "unlawfully charged…with false allegations." (Doc. 2 at 3.) The State also slandered Beeson online, with the purpose of terrorizing Beeson and the community. *Id.* Beeson was arrested and "capriciously assaulted," causing him to legally defendant himself. (Doc. 2 at 4.)

Beeson then summarily lists ten violations, including eight federal crimes under Title 18 of the United States Code, a "Breach of Amendment," and "Breach of Contract and License Agreements". (Doc. 2 at 5.)

Beeson seeks injunctive relief, in the form of immediate release from detention and an immediate plea deal. (Doc. 2 at 6.) He also seeks $58.375 million in damages. *Id.*

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Beeson is a pretrial detainee proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). But more practically, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. Beeson fails to tie the actions of an individual person to the injuries he alleges.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

For the following several reasons, Beeson's Complaint must be dismissed.

3

**A. The State of Montana Is Not a Proper Defendant**

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted). The State of Montana is not a person amenable to such suit. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).

The State of Montana is also immune from suit in this Court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

4

One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997). Beeson has not named a state official, nor could the only injunctive relief he seeks be granted by a state official.

**B. Beeson's Suit is *Heck*-barred.**

Beeson alleges he was unlawfully arrested with false charges. (Doc. 2 at 3.) He is a pretrial detainee, and what will happen with his charges is, as yet, unknown. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. If Beeson has a claim that he has been illegally prosecuted or sentenced, this Court cannot hear it without any conviction being reversed.

Beeson does also seek immediate release, despite his pending charges. (Doc.

5

2 at 6.) Any request for immediate release sounds more like a habeas action than a civil rights complaint. "Habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). A prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement" and must seek federal habeas corpus relief (or appropriate state relief) instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

## C. Beeson Does Not State a Viable Slander Claim.

Beeson alleges that Defendant created "fake news propaganda" against Beeson on Reddit.com. (Doc. 2 at 3.) Beeson alleges that Defendant put a photo of him that resulted in publication of false information. Beeson fails to state a claim cognizable under § 1983.

First, setting aside the immunity issue explained above, the State is not a person who can put things on Reddit. To state a claim, Beeson would have to identify an individual who posted slanderous information about him. The fact of his criminal charges is likely insufficient— "Man arrested for kidnapping and hostage at Deano's casino" sounds factual, whether that arrest result in charges or not. (Doc. 2 at 3.)

Second, a slander claim rarely has a home in federal court. Slander is a form of speech that is excepted from the First Amendment protections of the

6

Constitution, in certain instances, but freedom from slander is itself not protected by the Constitution. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

Slander is generally considered a cause of action that arises under state law, as it does in Montana. Mont. Code Ann. § 27-1-801 et seq. As such, it is not a federal claim that can, solely, sustain a § 1983 action, especially when there is no identified defendant and no other viable federal claim. While it is possible to state a "defamation-plus" claim under Section 1983, such a claim requires that a plaintiff either "(1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right." *Herb-Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphasis in original). Beeson speculates that the Reddit post might impact his ability to get a fair trial, but this speculation does not rise to the level of a plausible allegation that states a claim for relief.

### D. No Private Federal Crime Enforcement

Beeson's list of violations includes eight citations to Title 18 of the U.S. Code, which are federal crimes. (Two of Beeson's list do not have a specific section cited. (Doc. 2 at 5.)) A civil complaint cannot state a claim

for violation of a criminal statute. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Further, federal criminal law can be enforced only by a federal prosecutor, not by any private party. Beeson's citation of these statutes does not provide him with a right of action in this Court.

## III. CONCLUSION

Based on the above, Beeson fails to state any viable claims under § 1983. The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). Beeson has failed to allege anything that shows amendment would be possible.

Accordingly, IT IS HEREBY ORDERED:

1.      Beeson's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2.      The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3.      The Clerk of Court shall have the docket reflect that the filing of this lawsuit counts as a strike against Beeson within the meaning of 28 U.S.C. 1915.

DATED this 7ᵗʰ day of October, 2025.

_____
Donald. W. Molloy, District Judge
United States District Court